IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

J. ANTONIO MUINA,

    Plaintiff,

vs.                                                    4:12cv98-RH/WCS

KKK, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's filing of a complaint. Doc. 1. Plaintiff has been a frequent filer of fanciful complaints in this Court in the past, and Plaintiff's current complaint is of the same character. Despite the fact that Plaintiff has neither paid the filing fee nor submitted an *in forma pauperis* motion, this report and recommendation is entered to dismiss this case.

    Dismissal is appropriate due to the incomprehensible and unintelligible nature of the claims set forth. The court recognizes that ". . . unnecessary prolixity in pleading places an unjustified burden on the court and the party who must respond . . . ." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)). When a plaintiff has failed to

comply with the pleading requirements, the court may dismiss the complaint on its own initiative.  Salahuddin, 861 F.2d at 42.  Generally, the harsh result of dismissal is only applied ". . . in those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Id*.; *see also* Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965).  Notwithstanding the complaint was drafted by a *pro se* litigant, the true substance of these allegations are "unintelligible" and "well disguised."  Allowing Plaintiff leave to amend would be futile in light of Plaintiff's litigation history in this court,[1] and the rambling nature of the allegations presented in the complaint.  Plaintiff has been unable to articulate a coherent factual basis to support any claim.  Therefore, dismissal prior to service under § 1915(e) is appropriate.  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED with prejudice** as frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on February 29, 2012.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Judicial notice is taken of cases numbered 4:99cv199-WS, 93-40401-WS; 93-50158-LAC; 94-50244-LAC; 95-50132-LAC, 4:00cv360-WS, 4:01cv455-SPM.  All of these actions were dismissed as frivolous and, if Plaintiff were incarcerated, he would be barred from proceeding *in forma pauperis* as he has over three "strikes" under 28 U.S.C. § 1915(g).  Plaintiff's complaint and reference to the KKK is sufficient to demonstrate the filings are from the same person, despite the altered first names of Plaintiff throughout his cases, and the differing addresses.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.